IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
BARBARA REYMAN,
TAMERA COOPER,
BOBBY BONNER,
GREG WILKINSON,
UNKNOWN SHIFT COMMANDER/DUTY OFFICER,
BOBBY MAYES, and
SHERWYN PHILLIP,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on January 23, 2015**.

    In the interest of justice, Plaintiff's Motion to Amend Complaint [filed January 22, 2015; docket #45] is **granted** as follows. First, the motion was filed within the deadline set in the Scheduling Order; accordingly, Plaintiff's proposed amendments are timely.

    Second, the Court will accept the addition of claims six and seven against the newly named Defendants,[1] but finds that a repeated scrivener's error Plaintiff makes in his claims is inconsistent with each claim. That is, the Plaintiff alleges for each claim: "This Claim [number] is being leveled against *all* the Defendants in their individual [and/or official] capacities as correctional officers of the Corrections Corporation of America (CCA)." Proposed Third Amended Complaint, ¶¶ 3, 20, 28, 34, 40, 52 and 79 (emphasis added). The word "all" in these allegations is inconsistent with the Plaintiff's naming of each individual he sues in each claim. Because Plaintiff is required to describe "who did what to whom" in accordance with Fed. R. Civ. P. 8, the allegations asserting that "all the Defendants" are liable for each claim, when he has actually named the Defendants whose conduct is at issue, is both inconsistent and confusing.

---

    [1]Nothing in this order should be construed to preclude defenses to such claims pursuant to Fed. R. Civ. P. 12 or other applicable rules or case law.

Accordingly, on or before February 6, 2015, the Plaintiff shall file his proposed "Third Amended Complaint" (titled as such) **excluding** from the above referenced paragraphs the word, "all."[2]  Defendants Douglas, Reyman, Bonner and Wilkinson, who have been served and whose counsel has appeared in this case, shall file an answer or other response to the Third Amended Complaint in accordance with Fed. R. Civ. P. 15(a).  Unless otherwise ordered, the Plaintiff shall serve the remaining Defendants with the Third Amended Complaint pursuant to Fed. R. Civ. P. 4.

The Court reminds the Plaintiff of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.' ") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition when reviewing any further amendments.

---

[2] The Court finds that it need not issue a recommendation to correct this minor scrivener's error in the pleading.  *See, e.g.,* 28 U.S.C. § 636(b)(1)(B).