IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
BARBARA REYMAN,
TAMERA COOPER,
BOBBY BONNER,
GREG WILKINSON,
UNKNOWN SHIFT COMMANDER/DUTY OFFICER,
BOBBY MAYES, and
SHERWYN PHILLIP,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 13, 2015**.

    Plaintiff's third Motion to Amend Complaint [filed March 11, 2015; docket #69] is **denied without prejudice** for the following reasons.

    First, the motion was filed outside the deadline set in the Scheduling Order, but Plaintiff fails to acknowledge this or provide any reason for the Court to consider his proposed amendments timely.

    Second, the Plaintiff fails to provide sufficient information for his requests to add claims and a Defendant to this action. It is not the Court's obligation to sift through the Plaintiff's pleadings to discover support for his arguments. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (finding no obligation of the court to "sift through" the record in search of evidence to support a party's claims).

    Third, the Court reminded the Plaintiff less than two months ago of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). Here, although the Plaintiff requests leave to file a "***Fourth*** Amended Complaint" at this stage of the litigation, he fails to

explain why the Court should not find such pleading to be a "moving target."

      Any subsequent motion seeking leave to amend the operative pleading that fails to comply with this order may be denied.