IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

      Plaintiff,

v.

TRACY DOUGLAS,
BARBARA REYMAN,
TAMERA COOPER,
BOBBY BONNER,
GREG WILKINSON,
UNKNOWN SHIFT COMMANDER/DUTY OFFICER,
BOBBY MAYES, and
SHERWYN PHILLIP,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Before the Court is Plaintiff's Motion to Amend the [Third Amended] Complaint [filed April 16, 2015; docket #80]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #81]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully recommends that Plaintiff's motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after

## BACKGROUND

Plaintiff, an incarcerated person proceeding *pro se*, initiated this lawsuit on July 10, 2014 alleging that Defendants acted negligently and violated his First, Eighth and Fourteenth Amendment rights.  Docket #1.  During initial review, Magistrate Judge Boland ordered that Plaintiff file an amended complaint, in which the Plaintiff dropped his Fourteenth Amendment and negligent supervision claims.  Docket #10.  Judge Babcock then dismissed Plaintiff's claims against the Corrections Corporation of America, and the remaining claims against the individual Defendants proceeded.  Before the time lapsed for the Defendants' answer or other response, the Court granted Plaintiff's request to file a Second Amended Complaint on October 7, 2014; the Second Amended Complaint was filed October 20, 2014 dropping the Eighth Amendment claims, but reinstating the negligent supervision claim and adding claims for negligent and intentional infliction of emotional distress.  Docket #31.

Defendants Douglas, Reyman, Bonner and Wilkinson filed an Answer to the Second Amended Complaint on November 19, 2014.  Docket #38.  Two Defendants, Cooper and the "Unknown Shift Commander" were not served at the facility; accordingly, the Court granted Plaintiff additional time within which to serve these Defendants. Meanwhile, on December 18, 2014, this Court held a scheduling conference at which the Court set deadlines for discovery and dispositive motions in this case, including a deadline for joining parties and filing amended pleadings.  Docket #43.

---

being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Just before the January 21, 2015 deadline for filing amended pleadings, the Plaintiff filed a motion to amend the Second Amended Complaint seeking to add two Defendants and a Fourteenth Amendment claim. Docket #45. The Court granted the motion as timely and "in the interest of justice" (docket #49). Then, on March 13, 2015, the Plaintiff filed a motion to amend the Third Amended Complaint; the Court denied this motion without prejudice for Plaintiff's failure to provide good cause for the timing of the motion and failure to explain why justice required the addition of more claims and another Defendant. Dockets ##69, 71. A month later, Plaintiff filed the present motion seeking to add another Defendant and two claims for relief. The Court granted Defendants Mayes and Phillip's (CDOC Defendants) motion to file a response brief out of time, but the remaining Defendants did not respond. The CDOC Defendants argue primarily that Plaintiff's amendments are untimely and render his pleading a moving target. They also argue that Plaintiff fails to comply with D.C. Colo. LCivR 15; however, because the Court is easily able to decipher the Plaintiff's proposed amendments, it need not deny Plaintiff's motion without prejudice for such procedural error. The Court does not rely on the CDOC Defendants' arguments for its analysis of this motion; accordingly, a reply brief is unnecessary.

## **DISCUSSION**

Because Plaintiff filed his motion after the deadline for amendment of pleadings, granting Plaintiff's motion pursuant to Rule 15(a) would require a modification of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiff demonstrates good cause allowing modification of the Scheduling Order. Second, if Plaintiff shows good cause, he must also meet the requirements of Fed. R. Civ. P. 15(a).

## I.     Good Cause for Modification under Rule 16(b)

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b).  The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines.  *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).  "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court."  *Id.*  In order to show good cause, Plaintiff "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable.  *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).  A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect.  *Id.*  Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline.  *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

The Court finds that Plaintiff, proceeding *pro se*, has demonstrated good cause to modify the Scheduling Order in this case.  First, although the parties did not object to the Court's setting the deadline for amendment of pleadings on January 21, 2015 (in accordance with Fed. R. Civ. P. 16(b)(3)(A)), Plaintiff contends that certain information he seeks to add to his complaint was learned through the discovery process.  Motion, ¶ 2, docket #80.

Second, there is no indication that Plaintiff has been less than diligent in his pursuit of discovery in this case.  Therefore, the Court finds that a request to add information first learned

through the discovery in this case demonstrates good cause to modify the deadline for amendment of pleadings. Thus, the deadline for amendment of pleadings in this case is extended to April 16, 2015, the date on which Plaintiff filed the present motion.

## II.  Undue Delay and Prejudice under Rule 15

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

According to Rule 15, once a 21-day period after a responsive pleading to the complaint is filed lapses, a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). The grant or denial of leave is committed to the discretion of the district court. *See Duncan*, 397 F.3d at 1315. The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be

refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman*, 371 U.S. at 182.

In this case, the Court finds that Plaintiff's request to add his case manager, Tiffany Davis, as a Defendant in this case is not unduly delayed. Plaintiff asserts that he learned during discovery that Ms. Davis was "involved with the other defendants in ... the retaliatory transfer of Plaintiff to CMRC." Motion, ¶ 2. Accordingly, the Court recommends that Plaintiff be permitted to add Tiffany Davis as a Defendant, against whom Plaintiff raises several claims in this action.

However, the Court finds that Plaintiff's request to add Claims 8 and 9 to this action is untimely because Plaintiff knew or should have known of the facts upon which the proposed amendments are based but he failed to include them in the original complaint. Plaintiff contends that his diagnosis of "keratoconus" in 2003 provides him protection as a "qualified individual with a disability" under the Americans with Disabilities Act (ADA) and the Rehabilitation Act against retaliatory transfers, but he does not explain why he did not include these claims in his original complaint in July 2014. Plaintiff has been warned that he may not use Rule 15 to make his complaint a "moving target" in raising new claims involving facts he knew but did not include at the time he filed the original or operative pleadings.

Furthermore, in the Tenth Circuit, the "most important . . . factor in deciding a motion to amend the pleadings ... is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a

subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* (citations omitted). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim ... 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

Here, the Court believes permitting amendment of the complaint to add new claims involving different facts than those in the operative pleading would unduly prejudice Defendants at this stage in the litigation.  This case has proceeded through discovery with the originally named Defendants, which ends less than a month from now, on June 12, 2015. Permitting amendment of new claims involving the Plaintiff's stated physical disability (likely involving extensive medical records from 2003) at this stage unduly prejudices the Defendants who have proceeded with discovery since December 8, 2014.  If the proposed amendments are granted, the parties essentially may need to "re-start" discovery, or at the very least, engage in an extended period of discovery in this case.

Thus, the Court recommends that the District Court deny Plaintiff's request to add Claims 8 (ADA) and 9 (Rehabilitation Act) to the operative pleading.  *See Semsroth v. City of Wichita*, No. 04-1245-MLB, 2006 WL 2570557, at *5 (D. Kan. Sept. 5, 2006) (denial of a motion to file a second amended class action complaint because significant discovery had occurred, written discovery requests had been served, and the proposed complaint contained new factual allegations).

## CONCLUSION

Accordingly, for the reasons stated above and based on the entire record herein, the Court respectfully RECOMMENDS that Plaintiff's Motion to Amend the [Third Amended] Complaint [filed April 16, 2015; docket #80] be **GRANTED IN PART AND DENIED IN PART** as set forth

herein.

Dated at Denver, Colorado, this 14th day of May, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge