IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
BARBARA REYMAN,
TAMERA COOPER,
BOBBY BONNER,
GREG WILKINSON,
UNKNOWN SHIFT COMMANDER/DUTY OFFICER,
BOBBY MAYES, and
SHERWYN PHILLIP,

    Defendants.

---

## ORDER ON MOTION TO STAY DISCOVERY
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the CDOC Defendants' Motion to Stay Discovery [filed May 20, 2015; docket #105]. The motion has been referred to this Court for disposition [docket #106], and the Court finds that further briefing and oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, Defendants' motion is **granted**.

**I.**      **Background**

Plaintiff, an incarcerated person proceeding *pro se*, initiated this lawsuit on July 10, 2014 alleging that Defendants acted negligently and violated his First, Eighth and Fourteenth Amendment rights. Docket #1. In Plaintiff's Third Amended Complaint filed on January 23, 2015 (after discovery had commenced against the remaining "CCA Defendants"), Plaintiff added Defendants

Mayes and Philip ("CDOC Defendants") as Defendants to his First and Fourteenth Amendment claims. Docket #50. On April 6, 2015, the CDOC Defendants responded to the Third Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* docket #80. Thereafter, Defendants filed the present Motion to Stay, asserting they are entitled to a stay of discovery and that it serves the interests of judicial economy and the conservation of resources to stay proceedings and resolve the issue of qualified immunity at the earliest possible stage in the litigation. *See* docket #105.

## II.   Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, the CDOC Defendants have filed a motion to dismiss the constitutional claims raised in Plaintiff's Third Amended Complaint alleging, among other defenses, that the official-capacity Defendants enjoy Eleventh Amendment immunity and the individual-capacity Defendants enjoy qualified immunity from the Plaintiff's claims. The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because the CDOC Defendants' Motion to Dismiss raises legal questions of this Court's jurisdiction over the

subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the CDOC Defendants a temporary stay of discovery in this case pending the resolution of their Motion to Dismiss. Discovery involving the CCA Defendants, which has proceeded since December 2014, shall continue as scheduled.

### III. Conclusion

Accordingly, it is hereby ORDERED that the CDOC Defendants' Motion to Stay Discovery [filed May 20, 2015; docket #105] is **granted**. Discovery involving the CDOC Defendants in this case is stayed pending the District Court's final ruling on Defendant's Motion to Dismiss. The parties are directed to submit a status report within five days of the entry of any order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 22nd day of May, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge