IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
TAMERA COOPER,
GREG WILKINSON,
CAPTAIN FRANK, Shift Commander/Duty Officer,
BOBBY MAYES, and
SHERWYN PHILLIP,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 12, 2015**.

    Plaintiff's Third Motion for Sanctions [filed August 10, 2015; docket #165] is **denied**. Plaintiff seeks an order deeming the operative pleading's allegations established and barring the Defendants from filing dispositive motions "based on Defendant Douglas' failure to execute an incident report ... in violation of prison regulations." However, as Plaintiff concedes in his motion, to the extent such omission by Defendant Douglas is proven and may be construed as "spoliation of evidence," Plaintiff may be entitled to an inference that the omitted evidence is unfavorable to Douglas. The omission itself, even taking Plaintiff's allegation as true, does not provide a justification for barring Defendants from filing dispositive motions.[1]

---

    [1]Plaintiff asserts in his motion that the Court "agreed that there is case law that would support sanctioning DOC and/or Corrections Defendants ... and instructed Plaintiff to file a subsequent 'motion for sanctions' for the court to entertain, if the requested incident report was non-existent." Plaintiff is not accurate. The Court simply stated that Plaintiff "may be able to argue that the regulation was violated," and that "the law often provides a remedy when certain documents aren't produced and that may be a presumption or a striking defenses or things like that - now, I'm not saying that's available here ... I'll leave that to you [Plaintiff] to ask for a remedy."