IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
TAMERA COOPER,
GREG WILKINSON,
CAPTAIN FRANK, Shift Commander/Duty Officer,
BOBBY MAYES, and
SHERWYN PHILLIP,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to demonstrate service upon Defendant Tamera Cooper in accordance with Fed. R. Civ. P. 4(m). This Court ordered Plaintiff to show cause why it should not recommend dismissal of this case for its failure to serve Cooper and prosecute this case against her, but the Plaintiff did not respond. Accordingly, the Court recommends that, for the reasons stated herein, Plaintiff's claims against Cooper be **dismissed without prejudice**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and

**I.     Background**

Plaintiff, an incarcerated person proceeding *pro se*, initiated this lawsuit on July 10, 2014, then filed an Amended Complaint as a matter of course on October 20, 2014, alleging the Defendants, including Cooper, acted negligently and violated his First, Eighth and Fourteenth Amendment rights. Dockets ##1, 31. All named Defendants, except Cooper, filed an answer to the Second Amended Complaint on November 19, 2014. Docket #38. On December 5, 2014, this Court granted Plaintiff's motion seeking an extension of time within which to serve Defendants Cooper and then "Unknown Shift Commander" to February 6, 2015. Docket #41. Plaintiff filed another motion to extend the deadline on January 22, 2015 (docket #47);[2] this Court granted the motion in part and extended the deadline to March 13, 2015. Docket #51.

At a status conference on February 24, 2015, the Court discussed with the parties service on Cooper and the Unknown Shift Commander. The Court directed defense counsel to obtain Cooper's file to learn her contact information. Docket #62. Two days later, this Court granted Plaintiff's third motion to extend the service deadline for Cooper and the Unknown Shift Commander to the date of the next status conference, March 30, 2015. Docket #67. On March 30, 2015, the Court

---

recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]With the motion to extend, Plaintiff also filed a motion to amend the Second Amended Complaint; the proposed amendments did not affect the claims against Cooper and the Court granted the motion as timely. Dockets ## 45, 49. Accordingly, the operative pleading is the Third Amended complaint filed January 23, 2015. Docket #50.

discussed with the parties the information defense counsel had gleaned from files; the Court directed counsel to provide copies of the files for *in camera* review. Docket #72. On April 17, 2015, the Court shared with the parties its findings after *in camera* review of the files, including contact information for Cooper.[3] Docket #85. The Court also ordered the Marshal's Service to attempt service of the operative pleading and summons on Cooper. *Id.*

On June 22, 2015, the Clerk of the Court filed a return of service reflecting the Marshal's attempt to serve Cooper at the last known address; the Marshal noted, "No longer lives at that address. No forwarding address listed." Docket #139. That same day, this Court alerted the Plaintiff of the failed service attempt by minute order. Docket #141. Then, on July 15, 2015, this Court issued an order for Plaintiff to show cause on or before July 31, 2015 why his claims against Cooper should not be dismissed. Docket #156. The Plaintiff did not respond.

**II.     Legal Standards**

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the

---

[3]The Court also revealed the name of the "unknown shift commander" as Captain Frank, who filed an answer to the operative pleading on May 14, 2015. Docket #100.

parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Fed. R. Civ. P. 4 governs service of a summons and complaint in federal court. Pursuant to Rule 4(c), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c). Rule 4(m) provides, in pertinent part,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Generally, good cause requires the moving party to establish that the initial deadline cannot be met, despite his diligent efforts. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). In *Scott*, the court set forth the required inquiry a court must make before dismissing a case pursuant to Rule 4(m):

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service .... If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point, the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

216 F.3d at 912 (quoting *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995)).

**III.    Discussion**

Rule 4(m) provides that "if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Here, the Plaintiff knew that the original deadline pursuant to Rule 4(m)

4

expired in November 2014. This Court granted Plaintiff's three requests for extension of time to serve and assisted the Plaintiff in attempting to serve Cooper. There is no indication in the record that Cooper has been otherwise served in this case; accordingly, the Court notified the Plaintiff of Rule 4(m)'s consequence for failure to serve in its July 15, 2015 order to show cause. *See* docket #156. Nevertheless, the Plaintiff has neither responded to the order, nor sought any extension of time within which to respond or to serve.

THEREFORE, the Plaintiff having failed to serve Defendant Tamera Cooper pursuant to Fed. R. Civ. P. 4(m) and to demonstrate any cause for either mandatory or permissive extension of the service deadline, the Court recommends that the District Court dismiss Plaintiff's claims against Cooper without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b).

Dated this 17th day of August, 2015, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge