IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
TAMERA COOPER,
GREG WILKINSON,
CAPTAIN FRANK, Shift Commander/Duty Officer,
BOBBY MAYES, and
SHERWYN PHILLIP,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 21, 2015**.

    Plaintiff's Fourth Motion for Sanctions [filed August 19, 2015; docket #174] is **denied**. Plaintiff seeks an order "barring the Defendants from using the Plaintiff's deposition in their defense, and/or preclude any defense or any evidence or argument refuting the admissions they failed to respond to, and/or to make presumptions or strike defenses, and/or order Defendants to reimburse Plaintiff the cost of filing the instant lawsuit" based on Defendants'"failure to produce Defendant Douglas' incident report." Plaintiff requested similar relief in his third motion for sanctions. Again, here, Plaintiff fails to demonstrate or provide legal support for obtaining relief other than that permitted if he proves Defendants engaged in "spoliation of evidence"; that is, Plaintiff may be entitled to an inference that the omitted evidence is unfavorable to Douglas. The omission itself, even taking Plaintiff's allegation as true, does not provide a justification for barring Defendants from "from using the Plaintiff's deposition in their defense, and/or preclude any defense or any evidence or argument refuting the admissions they failed to respond to, and/or to make presumptions or strike defenses, and/or order Defendants to reimburse Plaintiff the cost of filing the instant lawsuit."[1]

---

[1] Plaintiff argues that, if the roles were reversed and he failed to provide discovery ordered by the Court, the Court would dismiss this action as a sanction. The Plaintiff misstates the circumstances of this case. This is not a matter of the Defendants having in their possession, custody or control a document they refuse to produce; rather, the document requested does not exist. Therefore, if the Plaintiff is able to prove spoliation of this document, he may be permitted the inference described above.