IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
TAMERA COOPER,
GREG WILKINSON,
CAPTAIN FRANK, Shift Commander/Duty Officer,
BOBBY MAYES, and
SHERWYN PHILLIP,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 28, 2015**.

    Before the Court is Plaintiff's Second Motion for Court to Deny or Stay Defendants' Summary Judgment Motion to Complete Discovery [filed September 23, 2015; docket #196]. Unlike Plaintiff's *first* motion, which remains pending before the Court, the present motion fails to express that the documents Plaintiff seeks here ("Executive Assignment Orders") were requested during the discovery period and not produced to the Plaintiff. The Court reminds the Plaintiff that the discovery period in this case has ended and the Court will not re-open discovery to permit any additional requests for discovery without a showing of good cause. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990); *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001).

    While the Court was prepared to deny the present motion based on the cases cited above, the CCA Defendants today filed a response brief purporting to respond to both the first and second motions. In such response, the CCA Defendants argued that Plaintiff failed to meet the requirements of Fed. R. Civ. P. 56(d)[1] but, nevertheless, provided copies of the documents requested by the Plaintiff in his second motion. Accordingly, Plaintiff's Second Motion is **denied as moot**.

    As for the first motion, the Court finds the CCA Defendants' brief wholly unresponsive.

---

[1] Defendants refer to "Fed. R. Civ. P. 56(f)"; however, the applicable rule is at subparagraph (d).

Defendants assert, "The first Motion consists of two sentences stating that Plaintiff has not had the opportunity to complete discovery and that Defendants have not complied with Plaintiff's discovery request. Such is clearly insufficient to meet the standard set forth for granting a Rule 56(f) [sic] request." Response, ¶ 7, docket #198. While Defendants are correct that the content of the first page of the Plaintiff's motion contains this information, the Plaintiff's supporting brief and declaration attached to the motion contain more extensive information, argument and legal support, which prompted the Court to order a response from the Defendants. Clearly, the Defendants erroneously failed to regard the documents attached to the Plaintiff's motion.

In the interest of fairness and judicial efficiency, the Court once again ORDERS the CCA Defendants to file a written response to the *entirety* of the Plaintiff's First Motion to Deny or Stay Defendants' Summary Judgment Motion to Complete Discovery (docket #187) **on or before October 5, 2015**. The CCA Defendants' failure to comply with this order may result in sanctions against them.