IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
TAMERA COOPER,
GREG WILKINSON,
CAPTAIN FRANK, Shift Commander/Duty Officer,
BOBBY MAYES,
SHERWYN PHILLIP, and
TIFFANY DAVIS,

    Defendants.

___

**ORDER ON MOTION TO COMPLETE DISCOVERY**
___

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the Plaintiff's Motion for Court to Deny or Stay Defendants' Summary Judgment Motion to Complete Discovery [filed September 10, 2015; docket #187]. The motion is briefed, and the Court has determined that oral argument is not necessary. For the reasons that follow, Plaintiff's motion is denied.

**I.**     **Background**

Plaintiff, an incarcerated person proceeding *pro se*, initiated this lawsuit on July 10, 2014 alleging that Defendants acted negligently and violated his First, Eighth and Fourteenth Amendment rights. Docket #1. During initial review, Magistrate Judge Boland ordered that Plaintiff file an amended complaint, in which the Plaintiff dropped his Fourteenth Amendment and negligent supervision claims. Docket #10. Judge Babcock then dismissed Plaintiff's claims against the

Corrections Corporation of America, and the remaining claims against the individual Defendants (Douglas, Reyman, Bonner and Wilkinson; hereinafter "CCA Defendants") proceeded. Before the time lapsed for the CCA Defendants' answer or other response, the Court granted Plaintiff's request to file a Second Amended Complaint on October 7, 2014; the Second Amended Complaint was filed October 20, 2014 dropping the Eighth Amendment claims, but reinstating the negligent supervision claim and adding claims for negligent and intentional infliction of emotional distress. Docket #31. The CCA Defendants filed an Answer to the Second Amended Complaint on November 19, 2014. Docket #38. Two other Defendants, Cooper and the "Unknown Shift Commander," were not served at the facility; accordingly, the Court granted Plaintiff additional time within which to serve these Defendants. Meanwhile, on December 18, 2014, this Court held a scheduling conference at which the Court set deadlines for discovery and dispositive motions in this case, including a deadline for joining parties and filing amended pleadings. Docket #43.

Just before the deadline, Plaintiff sought and was granted leave to file a Third Amended Complaint adding Defendants Mayes and Philip ("CDOC Defendants") as Defendants to his First and Fourteenth Amendment claims. Docket #50. On April 6, 2015, the CDOC Defendants responded to the Third Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* docket #80. This Court issued a Report and Recommendation on June 19, 2015 that the CDOC Defendants' motion be granted, and that report remains pending. Docket #138.

Meanwhile, on June 15, 2015, Judge Daniel issued an order adopting this Court's recommendation that the Second Amended Complaint be dismissed, but Plaintiff be granted leave to file an amended pleading; Judge Daniel ordered Plaintiff to file a "Third Amended Complaint"

within 14 days of the order. Docket #127. However, Judge Daniel modified that order on July 2, 2015 to permit Plaintiff to file a *Fourth* Amended Complaint adding Tiffany Davis as a CCA Defendant. Docket #150. The Fourth Amended Complaint is the operative pleading in this matter, identifies Defendants Douglas, Wilkinson, Frank, and Davis as the "CCA Defendants" and Defendants Mayes and Phillip as the "CDOC Defendants," and alleges claims for First Amendment retaliation, Fourteenth Amendment due process violations, negligence, negligent and intentional infliction of emotional distress, and negligent supervision. Docket #151.

Discovery involving the CCA Defendants[1] proceeded from December 2014 through July 2015, and on the dispositive motions deadline, August 31, 2015, the CCA Defendants filed a motion for summary judgment. Docket #184. On September 10, 2015, Plaintiff filed the present motion pursuant to Fed. R. Civ. P. 56(d) asserting generally that, because the Defendants did not "comply" with Plaintiff's discovery requests seeking production of Defendant Douglas' "statement," a "community referral," the "parole board audiotape #817091," and the "contract" between the CCA and CDOC, Plaintiff did not have the opportunity to complete discovery and needed this information to respond fully to the CCA Defendants' summary judgment motion.

CCA Defendants counter that, although Plaintiff did seek these items through his discovery requests, the Defendants responded to the requests informing Plaintiff that such items either were not in their possession, custody, or control (but likely were in the possession of the CDOC), or were irrelevant or confidential. Defendants further contend that the only discovery response Plaintiff challenged during the discovery period was their objection to producing Douglas' "statement,"

---

[1] Discovery concerning the CDOC Defendants was stayed pending final resolution of their motion to dismiss. Docket #111.

3

which this Court *sua sponte* ordered the CDOC Defendants to attempt to locate; counsel for the CDOC Defendants informed the Court that they could not locate a "statement" (or, "incident report") authored by Douglas, but provided copies of the Removal from Population Form and the an incident report authored by Defendant Cooper.

Plaintiff replies that he did, in fact, challenge the CCA Defendants' responses regarding all identified items and the Court held a hearing on his motion to compel on February 24, 2015. Plaintiff also contends the identified items are in the CCA's possession because the CDOC released his "entire CDOC file" to the CCA Defendants pursuant to court order, or the CCA has the ability to procure the items. Plaintiff asserts that he is unable to seek the items from the CDOC at this time because discovery has been stayed to those Defendants.

**II.    Discussion**

In light of the lengthy procedural history of this case, the Plaintiff's repeated motions to compel filed during the discovery period, and the Plaintiff's assertions in the present motion that he lacks certain requested discovery, the Court finds it necessary and productive to begin its analysis with a review the case docket and oral arguments made during discovery hearings in February, March, April and June of this year.

A.    Discovery Period

On January 22, 2015, Plaintiff filed a "second" motion to compel,[2] asserting the Defendants failed to produce contact information concerning two Defendants. Docket #46. The next day, January 23, 2015, Plaintiff filed a "third" motion to compel to which he attached copies of the

---

[2] Plaintiff's "first" motion to compel was filed well before the December 8, 2015 Scheduling Conference and was denied as premature. Dockets ##33, 37.

Defendants' responses to his interrogatories, requests for production of documents, and requests for admissions, and argued generally that Defendants' responses were misleading, their objections were groundless, and they produced no documents or information. Docket #52. Notably, Plaintiff sought the items he contends in the present motion were never produced in his written Requests for Production ## 19, 20, 25, and 35. *See* docket #52-1.

The Court set a hearing on Plaintiff's motions for February 24, 2015; at the hearing, the parties disagreed over whether everything Handy sought would be contained in his inmate file, which had not yet been provided by the CDOC. Accordingly, the Court asked Plaintiff whether he wished to go through each discovery request, and he responded in the affirmative. The discussion proceeded with argument concerning Plaintiff's requests for production 11-13, and the Court ordered defense counsel to procure the individual Defendants' personnel files and to produce the requested policies and directives. During this discussion, the Court explained to Plaintiff that not all documents and information he sought through the individual Defendants would be in their possession, as certain documents belonged to the prison facility and might have to be subpoenaed. Plaintiff then skipped past requests for production 14-20, and the discussion proceeded regarding requests 21-23; the Court ordered Handy to produce to defense counsel a document to which he was referring for request 21, and defense counsel committed to checking on the "emails" and "admissions criteria" for requests 22 and 23.

Plaintiff then stated "we've pretty much covered the document requests" and "can go to the interrogatories now"; after some discussion of the interrogatories, defense counsel stated that much of the information would likely be answered with production of Plaintiff's inmate file. The Court ordered that Defendants supplement their discovery responses with such information; Plaintiff then

asked whether the supplementation would apply to all of his interrogatories and requests for admissions. The Court answered, "yes," and set a status conference for March 30, 2015 to discuss any remaining issues, to which the Plaintiff agreed.

At the March 30 status conference, defense counsel reported that he received the individual Defendants' personnel files, but found no discipline records, and received Plaintiff's 1000-page inmate file and would supplement Defendants' discovery responses based on that information. Plaintiff objected to defense counsel's review of the personnel files; therefore, the Court ordered *in camera* review of the files and extended the discovery deadlines at Plaintiff's request. Plaintiff also requested an extension of the deadline for service on the unserved Defendants claiming he never received requested discovery on identity and contact information, which the Court granted. Plaintiff then asked whether he could orally move for amendment of the complaint; the Court responded, no, it must be requested by motion. Finally, Plaintiff asked whether the CDOC Defendants had been served to which the Court responded that they had. Plaintiff concluded, "that's all I have today" and again asked the Court to "pay more attention to Defendants' [discovery] tactics." The Court then set a status conference for April 17, 2015 to discuss its *in camera* review and any outstanding discovery issues.

At the April 17 status conference, defense counsel reported that he sent Plaintiff's inmate file to the Plaintiff on April 9, 2015; however, Plaintiff had been transferred between facilities so, likely, had not yet received it. Also, defense counsel committed to providing the operative complaint to newly named Defendant Captain Frank, and the Court set an answer deadline. The Court reported the results of its *in camera* review of the CCA Defendants' personnel files: the Court found contact information for Defendant Cooper and provided it to the U.S. Marshal for service; in

addition, the Court found certain discipline records concerning claims of retaliation, which the Court found relevant and ordered produced to the Plaintiff. Once the Court confirmed to the Plaintiff that he would not need to amend the operative complaint to add Captain Frank as a Defendant, the Court asked Plaintiff, "Anything further, Mr. Handy?" to which the Plaintiff responded, "No, your honor."

On May 4, 2015, Plaintiff filed a "Fourth Motion to Compel" confirming the Court's treatment of his requests for production 11, 13, 21, and 22 at the February 24, 2015 hearing and his recent receipt of his inmate file, and asserting the Defendants had failed to produce an incident report and removal from population form regarding the February 10, 2014 "incident" (which is the subject of this lawsuit), as well as to respond to Plaintiff's second set of interrogatories. Docket #90. On May 18, 2015, Plaintiff filed a "Fifth Motion to Compel" asserting that he received Defendants' responses to his second set of interrogatories but Defendants "produced no documents in response," including the "incident reports" and "removal from population form" related to the February 10, 2014 incident. Docket #102. Then, on May 26, 2015, Plaintiff filed a "Motion to Sanction Defendants" for their failure to "produce any of the documents requested by Plaintiff and ordered by the court on 2-24-15." Docket #112. Based on the Defendants' response brief in which they committed to producing all requested documents to the Plaintiff at his May 22, 2015 deposition, the Court denied the motions without prejudice and set a status conference to discuss "any [unresolved] issues raised in the above-referenced motions." Docket #116.

Before the status conference occurred, Plaintiff filed a "Sixth Motion to Compel" asserting the Defendants did not produce at his deposition the "incident reports" (Plaintiff referred to the removal from population form, so the Court assumes he received that requested document). Docket #136. At the June 30, 2015 status conference (docket #146), the Court began the discussion

reminding the Plaintiff that "the purpose of this hearing is to determine whether you need anything else in discovery, Mr. Handy." Plaintiff essentially repeated his argument set forth in his sixth motion to compel regarding the "incident report" saying it "must have been generated" pursuant to DOC regulations, and asserted the Court would not be able to resolve any dispositive matters without it. Defense counsel contended that Defendants "turned over everything" in their possession and Defendant Douglas "doesn't recall drafting a report"; accordingly, Defendants found no such report. The Court asked counsel for the recently-served CDOC Defendants about such report; she confirmed she was not aware of the report and conceded "incident reports are not always drafted by staff." The Court asked CDOC counsel to attempt to locate such report and report back to the Court by July 8. 2015. Plaintiff proceeded to insist the incident report must exist since required by regulations but stated "if it does not, I will ask Court to issue sanctions." Plaintiff then asked for a stay of proceedings pending resolution of the discovery issue; the Court declined, but extended the dispositive motions deadline to August 30, 2015. The Court asked, "Anything else, Mr. Handy?" Plaintiff replied, "no" and the Court recessed.

      CDOC defense counsel filed a status report on July 7, 2015 confirming that she found no "incident report" authored by Defendant Douglas, but found documents (which she attached to the report) including a chronological entry, a removal from population form, and an "incident reporting information sheet" authored by Defendant Cooper all related to the February 10, 2014 incident. Docket #152. On August 13, 2015, Plaintiff filed a "Seventh Motion to Compel" complaining that he was provided only one page of the 57-page chronological entry log and needed all pages of the document. Docket #169. The Court denied the motion without prejudice on procedural grounds but construed the motion as a discovery request to Defendants pursuant to D.C. Colo. LCivR 5.3(b).

Docket #172. On August 26, 2015, the CDOC Defendants filed a notice of compliance with the Court's order and produced the entire chronological log to the Plaintiff. Docket #178. Plaintiff then filed the present motion on September 10, 2015 following the August 31, 2015 filing of the CCA Defendants' motion for summary judgment.

B.      Rule 56(d)

A party may seek limited discovery under Federal Rules of Civil Procedure 56(d) for the purpose of responding to a summary judgment motion. *Blixseth v. Credit Suisse AG*, -- F. Supp. 3d --, 2015 WL 5174239, at *14 (D. Colo. Sept. 4, 2015). "Rule 56(d) allows a court to stay or deny a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that it lacks facts necessary to oppose the motion." *Id.* (citing *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000)); *see also Levy v. Worthington*, No. 11-cv-00978-WYD, 2011 WL 5240442, at *2 (D. Colo. Oct. 31, 2011). To be afforded relief, a plaintiff must show (1) that necessary probable facts are not available, (2) why those facts cannot be presented currently, (3) "what steps have been taken to obtain these facts," and (4) "how additional time will enable [the plaintiff] to" obtain those facts and rebut the motion for summary judgment. *Blixseth*, 2015 WL 5174239, at *14 (quoting *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) and citing *Price*, 232 F.3d at 783 (citing the former subsection and concluding, "Rule 56(f) does not operate automatically. Its protections ... can be applied only if a party satisfies certain requirements.").

Thus, "to prevail on a Rule 56(d) motion, a party must specify with particularity legitimate needs for further discovery and identify which aspects of discovery require more time to complete." *Id.* (citing *Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988)). The diligence

of the moving party is critical in determining whether the party's request for relief pursuant to Rule 56(d) should be granted. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir.1993) (citing the former subsection and holding that such relief should not be granted absent diligent prior efforts to secure the discovery put at issue by Rule 56(f) motion and affidavit).

The party also must explain why the information sought would be sufficient to create a genuine issue of material fact to defeat summary judgment. *Blixseth*, 2015 WL 5174239, at *14 (citing *Campbell*, 962 F.2d at 1522). By the plain terms of Rule 56(d), the movant is not entitled to relief absent a specific showing that it cannot yet show facts "essential" to its opposition. Fed. Rule Civ. P. 56(d). "Denial of a Rule 56(d) motion is proper if the additional evidence sought would not create a genuine issue of material fact to defeat summary judgment." *Blixseth*, 2015 WL 5174239, at *14.

Based on its review of the case docket and oral arguments, the Court finds the Plaintiff was not diligent in attempting to obtain the parole board tape, the community corrections referral(s), and the CCA/CDOC contract. *See Jensen*, 998 F.2d 1550 at 1554. Although Plaintiff requested these items in his December 2014 written requests for production of documents, and listed them in his January 23, 2015 Third Motion to Compel as not having been produced, he chose neither to request their production nor argue about them in the hearing on the motion, nor in any subsequent hearing, conference, or motion throughout the discovery period, although provided repeated opportunities to do so.

Moreover, the Court finds Plaintiff has failed to demonstrate how an "incident report" or "statement" authored by Defendant Douglas, relating to the February 20, 2014 incident, is "necessary" or "essential" to his opposition to the pending motion for summary judgment. First, it

appears from the record and the parties' repeated efforts to locate the report/statement that such document likely does not exist, despite the entry in the chronology log. *See* dockets ##146, 152. Second, Plaintiff fails to persuade the Court that such statement would assist him in his opposition to the pending motion for summary judgment; rather, Plaintiff merely speculates that the statement "would help Plaintiff show that he did not threaten Defendant Douglas, which in turn would show that her claim of feeling threatened and placing Plaintiff in segregation, based on the false threats allegation, was unreasonable." Reply, docket #206 at 5. However, Plaintiff's assertion is directly contrary to the notation by Defendant Douglas in the chronology log: "Wrote statement requesting getting him off my caseload[;] offender makes me uneasy and am starting to get concerned for my safety." Docket #152-1 at 1. Consequently, the Court is not convinced that such "statement" is necessary to Plaintiff's opposition of the motion for summary judgment. *See Blixseth*, 2015 WL 5174239, at *14 (citing *Price*, 232 F.3d at 783).

## III.  Conclusion

In sum, the Court finds the Plaintiff has failed to demonstrate he lacks discovery necessary to respond to the pending summary judgment motion pursuant to Fed. R. Civ. P. 56(d). Accordingly, Plaintiff's Motion for Court to Deny or Stay Defendants' Summary Judgment Motion to Complete Discovery [filed September 10, 2015; docket #187] is **denied**. Plaintiff shall file a written response to the Motion for Summary Judgment from CCA Defendants [docket #184] **on or before November 16, 2015**, and the Defendants may file a reply in support of the motion within fourteen (14) days after the response is served.

Dated at Denver, Colorado, this 26th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge