IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
TAMERA COOPER,
GREG WILKINSON,
CAPTAIN FRANK, Shift Commander/Duty Officer,
BOBBY MAYES,
SHERWYN PHILLIP, and
TIFFANY DAVIS,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

I.    <u>INTRODUCTION</u>

This matter is before the Court on two Recommendations issued by Magistrate Judge Hegarty:  (1) the Recommendation of United States Magistrate Judge issued on June 19, 2015, regarding the CDOC Defendants' (Sherwyn Phillip and Bobby Mayes) Motion to Dismiss Plaintiff's Third Amended Complaint and (2) the Recommendation of United States Magistrate Judge issued on August 17, 2015, regarding Plaintiff's failure to demonstrate service upon Defendant Tamera Cooper ["Cooper"].  For the reasons stated below, the Recommendations of Magistrate Judge Hegarty are affirmed and adopted in their entirety.

II.  ANALYSIS

    A.  Recommendation of August 17, 2015

This Recommendation relates to Plaintiff's failure to serve Defendant Cooper despite being given several extensions of time to do so. Magistrate Judge Hegarty ordered Plaintiff to show cause why it should not recommend dismissal of this case for its failure to serve Cooper and prosecute this case against her, and Plaintiff did not respond. He then issued his Recommendation on August 17, 2015, that Plaintiff's claims against Cooper be dismissed without prejudice. Magistrate Judge Hegarty advised therein that written objections must be served within 14 days after service of the Recommendation, but no objections were filed.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes. I find that Magistrate Judge Hegarty applied the correct legal standard and properly found that Plaintiff failed to demonstrate cause for either mandatory or permissive extension of the

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

service deadline. Therefore, I find that his recommendation to dismiss Plaintiff's claims against Cooper without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41(b) should be affirmed.

B. Recommendation of June 19, 2015

I next address the Recommendation issued on June 19, 2015. Magistrate Judge Hegarty recommends therein that the CDOC Defendants' Motion to Dismiss be granted and the claims in which these Defendants are identified be dismissed.[2] By way of background, the Recommendation notes that in April 2014, the Colorado Department of Corrections ["CDOC"] authorized Plaintiff's move for substance abuse programming, and he was placed on a waiting list to be moved to the Arrowhead Correctional Center ["ACC"] for the Therapeutic Community ["TC"] program. On July 8, 2014, after Plaintiff had filed the present action against other Defendants including Tracy Douglas ["Douglas"], Douglas requested that Plaintiff be moved to the Cheyenne Mountain Re-entry Center ["CMRC"]. Plaintiff was moved the following day. The CMRC does not operate the TC program or other treatment program for offenders with high drug abuse scores.

Plaintiff alleges that "Defendant Mayes recommended the move and Defendant Phillip authorized it. The move resulted in a "higher custody contrary to the scored

---

[2] I note that while Plaintiff has since filed a Fourth Amended Complaint, the Recommendation states, and I agree, that the allegations therein concerning the CDOC Defendants are identical to those in the Third Amended Complaint. Moreover, by Minute Order of July 20, 2015, Magistrate Judge Hegarty denied as moot a motion to dismiss filed by the CDOC Defendants as to the Fourth Amended Complaint, noting the pendency of the Recommendation. I thus find that the Recommendation applies equally to the Fourth Amended Complaint.

custody of Plaintiff" and extended Plaintiff's next scheduled review date from February 19, 2015 to July 8, 2015 when he could be "routine reclassed" to a lesser security facility. (Recommendation at 4.) Plaintiff contends that, had he been transferred to ACC on July 9, 2014, he would have had time to attend the TC program before his scheduled release date. Moreover, in contrast to ACC which is a minimum security facility, the CMRC is a medium security facility which provides fewer privileges and less freedom.

As noted in the Recommendation, the issues remaining after full briefing of the CDOC Defendants' motion are whether they are entitled to qualified immunity from Plaintiff's First and Fourteenth Amendment claims in their individual capacities and, if not, whether Plaintiff has stated a plausible claim for punitive damages.[3] Magistrate Judge Hegarty finds that while Plaintiff pled the CDOC Defendant's personal participation in the challenged action, Defendants are entitled to qualified immunity as to the claims against them. (Recommendation at 10-16.)

Plaintiff filed a Response and Objections to the Recommendation of United States Magistrate Judge on July 2, 2015. The CDOC Defendants filed a response to the objection on July 20, 2015, and Plaintiff filed a reply on August 13, 2015.[4]

---

[3] These are the only claims in which factual allegations against the CDOC Defendants are alleged. Plaintiff conceded that the CDOC Defendants are entitled to absolute immunity under the Eleventh Amendment for claims against them in their official capacity, and that he is not seeking compensatory damages against these Defendants.

[4] The request in Plaintiff's reply that the Court strike the CDOC Defendants' response is denied. The response was properly filed pursuant to Fed. R. Civ. P. 72(b)(2). That rule does not, however, address or authorize the filing of a reply regarding objections. Thus, if anything should be stricken, it should be Plaintiff's reply, as Plaintiff was required to file a motion asking for leave to file a reply. Nevertheless, I have considered the reply for purposes of this Order.

I first address Plaintiff's First Amendment claim. Magistrate Judge Hegarty found that "[e]ven assuming the Plaintiff engaged in protected activity and that Mayes and Phillip participated in the challenged transfer to the CMRC, which 'would chill a person of ordinary firmness from continuing to engage in that activity', . . . the Plaintiff has failed to allege Mayes and Phillip were substantially motivated to transfer him as a response to his filing a grievance or this lawsuit. (*Id.* at 11.) Consequently, he found that Plaintiff failed to state a First Amendment claim entitling the CDOC Defendants to qualified immunity, and recommended that the CDOC Defendants' motion to dismiss be granted as to this claim.

Plaintiff objects to this ruling, arguing that he has stated a chronology of events from which retaliation may plausibly be inferred. He asserts more specifically that Defendant Mayes and Phillip assigned him to a higher custody than his score required, in violation of CDOC policy. (Objection at 2.) Plaintiff argues that the fact the transfer was taken in violation of CDOC policy was not considered in the Recommendation. This fact does not, however, establish that Mayes and Phillip were substantially motivated to transfer him as a response to his filing a grievance or this lawsuit. Indeed, Plaintiff has not disputed or refuted Magistrate Judge Hegarty's finding that nothing in the complaint alleges Phillip or Mayes had any participation in, much less knowledge of, the "segregation incident" or any grievances or notices filed as a result of the incident.

Instead, Plaintiff relies on his assertion in his response to the motion to dismiss that on June 16, 2014, Plaintiff filed a Statutory Notice of Intent pursuant to Colo. Rev. Stat. § 24-10-109 against the CDOC Defendants and Defendant Douglas related to the

segregation incident. This was a couple of weeks prior to the alleged retaliatory transfer. Plaintiff asserts that although this was not raised in the Third Amended Complaint, it would be harsh to dismiss the claims against the CDOC Defendants related to this deficiency when the court could allow him to amend the complaint to allege this fact.

I reject Plaintiff's argument. Magistrate Judge Hegarty noted in his Recommendation that Plaintiff conceded his state law claims are not raised against Mayes and Phillip; accordingly, he found that the Notice of Intent filed in June 2014 has no effect here. Plaintiff has not shown to the contrary in his objections. Moreover, Plaintiff moved to amend the complaint after the motion to dismiss was filed and was permitted leave to file a Fourth Amended Complaint. Plaintiff did not seek leave to add this factual allegation against the CDOC Defendants. Magistrate Judge Hegarty recommended that Plaintiff be denied leave to file a *fifth* amended complaint because he previously amended his complaint several times and filed his most recent motion to amend after the motion to dismiss was filed. I find no error with this ruling, and note that Plaintiff raised no specific objections to same. Accordingly, Plaintiff's objections regarding the First Amendment claim are overruled.

I now turn to the Fourteenth Amendment claim. Magistrate Judge Hegarty correctly noted that for Plaintiff to show that his transfer to the CMRC resulted in the deprivation of a liberty interest, Plaintiff must plead facts showing that the transfer created conditions of confinement that are "atypical and significant hardships" compared to ordinary prison life. (Recommendation at 14) (quoting *Sandin v. Conner*, 515 U.S.

472, 483 (1995)). He concluded after analyzing Plaintiff's claims that Plaintiff failed to allege a protected liberty interest to support his Fourteenth Amendment claims against Mayes and Phillip. He thus recommended that the Court find the CDOC Defendants are entitled to qualified immunity on the Fourteenth Amendment claims.

More specifically, Magistrate Judge Hegarty agreed with two other courts in this District that found prisoner plaintiffs do not possess protected liberty interests in participating in the TC program. (Recommendation at 14) (citations omitted). To the extent Plaintiff alleged his transfer to the CMRC "increased the duration of [his] confinement" by being deprived of the ability to earn "days subtracted from his sentence," Magistrate Judge Hegarty found that the claim fails because "[w]hile '[i]nmates must be afforded due process before their good time credits can be *revoked*,'" *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (emphasis added), Colorado law does not furnish a right to *earn* good-time credits and expressly permits the denial of such a right. (*Id*. at 15) (citations omitted). As to whether the conditions of Plaintiff's transfer to the CMRC were "extreme" and Plaintiff's argument that the CMRC is a higher security prison than his custody score required, the Recommendation noted that "'[t]he Due Process Clause itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.'" (*Id.*) (quotation omitted). Plaintiff did not further describe the conditions at the CMRC and Magistrate Judge Hegarty found that the claim fails. Finally, while Plaintiff was silent as to whether his placement at the CMRC was "indeterminate," Magistrate Judge Hegarty stated that Plaintiff filed notices of

change of address in this case indicating at the time that he resided at the Trinidad Correctional Facility; thus, his placement at CMRC was not indeterminate.

Plaintiff objects to Magistrate Judge Hegarty's ruling, stating that he is not arguing or claiming that he was entitled to be housed in a particular facility. Instead, he asserts that Colorado law and CDOC policy have created a liberty interest in drug rehabilitation treatment for offenders with high substance abuse scores, and that he had an expectation or interest in being assessed and undergoing treatment for substance abuse. I reject this argument. Although Plaintiff might desire to participate in TC and even if he might benefit from the same, Handy has no right to participate in rehabilitation programs. *Washington v. Borejon*, 324 F. App'x 741 (10th Cir. 2009). Thus, Judge Brimmer and Magistrate Judge Tafoya of this Court have held that there is no right to participate in the TC Program. *Cooper v. Ducharme*, No. 13-cv-01154-KMT, 2015 WL 1064180, at *10 (D. Colo. Mar. 9, 2015); *Grady v. Garcia*, No. 10-cv-00347-PAB, 2012 WL 1044491, at *8 (D. Colo. Mar. 27, 2012). I agree with and adopt their reasoning in this case. There are no allegations that Plaintiff will not be released from custody without completing TC, nor could there be. Moreover, while Plaintiff argues that under Colorado statutes he is entitled to an alcohol and drug assessment and required to participate in substance abuse programming, the statutes he cites do not support his argument or entitle him to participate in a particular program such as the TC Program.[5]

---

[5] While Colo. Rev. Stat. § 18-1.3-211 requires certain inmates to undergo periodic testing and treatment for substance abuse, it does not require the CDOC to provide any particular form of treatment. It certainly does not oblige Defendants in this case to place Handy into the TC Program at Arrowhead. Similarly, CDOC Administrative Regulation 700-20 does not require the CDOC to provide any particular form of treatment.

Plaintiff also asserts that the Recommendation failed to consider his argument that there is a liberty interest which prohibits "discretionary reclasses"— assigning offenders to a higher custody than the scored custody of the offender. He cites no authority for that, however, and this argument really translates into a challenge to his placement. There is no liberty interest in being assigned to a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983). There is also no liberty interest in avoiding transfer to more adverse conditions of confinement, as noted by Magistrate Judge Hegarty. (Recommendation at 15) (citing *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012)). An inmate must still show that the confinement imposes a significant hardship on the inmate in relation to the ordinary incidents of prison life. *Toevs*, 685 F.3d at 911 (citing *Sandin*, 515 U.S. at 484). Plaintiff has not made such a showing, as Magistrate Judge Hegarty found in the Recommendation. Accordingly, I also affirm the recommendation to dismiss the due process claim.

Finally, in light of the finding that Plaintiff's claims against the CDOC Defendants should be dismissed, Magistrate Judge Hegarty stated he need not address whether Plaintiff stated plausible claims for punitive damages against them. Plaintiff did not specifically object to this, and I affirm this finding.

III. <u>CONCLUSION</u>

In conclusion, it is

ORDERED that the Recommendation of United States Magistrate Judge filed August 17, 2015 (ECF No. 173) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant Tamera Cooper is **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge dated June 19, 2015 (ECF No. 138) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the "CDOC Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 50)" (ECF No. 74) is **GRANTED**. The remaining claims against Defendants Sherwyn Phillip and Bobby Mayes are dismissed. Finally, it is

ORDERED that in light of their dismissal, Defendants Tamera Cooper, Sherwyn Phillip and Bobby Mayes shall hereafter be taken off the caption.

Dated: March 30, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge