IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-01930-WYD-MEH

WYATT T. HANDY, JR.,

    Plaintiff,

v.

TRACY DOUGLAS,
GREG WILKERSON,
CAPTAIN FRANK, Shift Commander/Duty Officer, and
TIFFANY DAVIS,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Motion for Summary Judgment filed by the CCA Defendants Tracy Douglas ["Douglas"], Greg Wilkinson ["Wilkinson"], and Captain Frank, Shift Commander/Duty Officer ["Frank"] filed August 31, 2015.  This motion was referred to Magistrate Judge Hegarty, and a Recommendation of United States Magistrate Judge was issued on January 5, 2016.  Magistrate Judge Hegarty recommends therein that the CCA Defendants' Motion for Summary Judgment be granted in part and denied in part.

More specifically, Magistrate Judge Hegarty recommends that the summary judgment motion be denied as to the failure to exhaust argument, as to Claim One against Douglas in her individual capacity (First Amendment), and as to Claims Two (negligence) and Eight (negligence per se) against Douglas.  He recommends that the

motion be granted in favor of Defendants Wilkinson and Frank as to Claim One under the First Amendment claim (in both their official and individual capacities) and Claim Two for negligence, and as to Claim One against Douglas in her official capacity only. Finally, it is recommended that summary judgment be granted in favor of all the CCA Defendants as to Claim Five for negligent supervision, Claim Six for retaliation in violation of the First Amendment, Claim Seven under the Fourteenth Amendment, and as to any municipal liability claims.

On January 19, 2016, the CCA Defendants filed objections to the Recommendation. A response to these objections was filed on January 26, 2016, and a reply was filed on February 9, 2016. Also, on January 21, 2016, Plaintiff filed objections to the Recommendation. A response was filed on February 4, 2016, and a reply was filed on February 16, 2016. The timely Objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

"In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) (internal quotation marks omitted)). While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment." *Id.*

I first address the CCA Defendants' objections. They object to the recommendation to deny summary judgment as to the claims against Defendant Douglas "related to her work as Plaintiff's case manager." (Objection to Recommendation of United States Magistrate Judge from CCA Defendants, at 2.) The CCA Defendants assert that the factual allegations relied on in Plaintiff's Complaint and in the Recommendation do not rise above mere speculation as to whether Douglas's conduct violated Plaintiff's rights. (*Id.* at 3.) They also assert that "Plaintiff does not allege that he is aware of any facts establishing Ms. Douglas personally participated in any alleged conduct that violated his rights nor does he present any facts that someone else is aware of Ms. Douglas' participation." (*Id.*)

I reject the CCA Defendants' arguments, and agree with Magistrate Judge Hegarty that there are genuine issues of material fact as to whether Douglas retaliated against Plaintiff for his filing grievances against her. As noted in the Recommendation, it is undisputed that Plaintiff was placed in segregation following his submission of a kite to Douglas, which Douglas deemed threatening. Plaintiff has asserted that the kite was not threatening, and I find there is a genuine issue of material fact as to this issue. Moreover, Defendants do not dispute that the kite prompted Plaintiff's placement into segregation, and I find the jury could reasonably infer that Douglas instigated Plaintiff's placement into segregation through reporting the alleged threats in the kite and asking Plaintiff to be taken off her caseload. I also agree with Magistrate Judge Hegarty that whether Douglas was motivated by fear for her safety from the kite or whether this was a pretext for retaliation is a jury question based on the factual disputes at issue. Finally,

I agree with the Recommendation's finding that there are factual issues as to whether Douglas breached a duty to Plaintiff in connection with the negligence and negligence per se claims.

I also reject the CCA Defendants' argument that the Recommendation relies on the threat of long term segregation, which Defendants note did not occur in this case. As Plaintiff points out in his response to the CCA Defendants' objection, while Magistrate Judge Hegarty cited to my finding that a "threat" of long-term segregation was sufficient to chill a person from engaging in protected activity, he did so only to note that if a threat of segregation is actionable, so too must the actual placement of an inmate in segregation. I find no error with this analysis. Accordingly, I affirm Magistrate Judge Hegarty's recommendation to deny summary judgment in part as to Defendant Douglas, and overrule the CCA Defendants' objections.

To the extent the CCA Defendants request in their objections that Defendant Tiffany Davis ["Davis"] be dismissed, Davis was not a party to the summary judgment motion and was not addressed in the Recommendation. Accordingly, I do not find it appropriate to dismiss Davis in connection with the CCA Defendants' motion. That portion of the objection is also overruled. I do address Defendant Davis below, however, in connection with Plaintiff's objections.

Plaintiff objects only to the portion of the recommendation to grant summary judgment in favor of the CCA Defendants on Claim Six related to the retaliatory transfer to CMRC. To the extent Plaintiff did not object to recommendation to grant summary judgment on the other claims, I am vested with discretion to review the

-4-

Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Though not required to do so, I have reviewed the Recommendation and satisfied myself that there is no clear error on the face of the record as to those claims.  *Id*.  Accordingly, the Recommendation is affirmed to the extent Magistrate Judge recommended that summary judgment be granted as to claims other than Claim Six.

As to the recommendation to grant summary judgment as to Claim Six, Plaintiff alleges error as he submits that the transfer to CMRC was prompted by his filing of grievances, submitting notices of intent to sue the Defendants, and the lawsuit in this case.  Plaintiff asserts that Magistrate Judge Hegarty did not adopt the three-part test for retaliation in favor of First Amendment tests articulated in *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007), and asserts that he meets all three requirements of the test.  I note that this is the only remaining claim that implicates Defendant Davis, and Plaintiff asserts that she should not be dismissed from the case.

Turning to my analysis, Magistrate Judge Hegarty found as to this claim that the documents provided by Plaintiff show that Douglas recommended and was approved for her request that Plaintiff's custody level be changed from "close" to "medium," and that Davis recommended and Douglas approved (on behalf of the reclassification committee) a request that Plaintiff's custody level be changed from "medium" to "minimum restrictive."  (Recommendation at 21.)  These reclassifications, according to Defendant, were always for a downgrade of Plaintiff's level, not an override to have his level raised.  Magistrate Judge Hegarty thus concluded that these actions were not

adverse under the First Amendment (one of the elements of the three-part test).  *See Shero*, 510 F.3d at 1203.  Plaintiff has not shown that this finding was error.  For this reason alone, I affirm the recommendation regarding Claim Six.  Moreover, Plaintiff has not refuted the fact that the CCA Defendants did not initiate the transfer.  While the evidence shows Douglas (on behalf of the reclassification committee) approved the request for transfer, the request for transfer was initiated by Defendant Mayes, who was previously dismissed from this case.

Accordingly, I affirm the recommendation to grant summary judgment in favor of the CCA Defendants as to Claim Six.  I also find, given this recommendation, that Defendant Davis must be dismissed from the case as this is the only remaining claim implicating her.  Plaintiff's objections are overruled.

In conclusion, it is

ORDERED that the Recommendation of United States Magistrate Judge dated January 5, 2016 (ECF No. 214) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Defendant's Motion for Summary Judgment filed August 31, 2015 (ECF No. 184) is **GRANTED IN PART AND DENIED**.  It is granted in favor of Defendants Wilkinson and Frank as to Claim One under the First Amendment claim in both their official and individual capacities and as to Claim Two.  It is also granted as to Claim One as to Defendant Douglas in her official capacity only.  Finally, it is granted in favor of all the CCA Defendants as to Claim Five for negligent supervision, Claim Six for retaliation in violation of the First Amendment, Claim Seven under the Fourteenth

Amendment, and as to any municipal liability claims.  The Motion for Summary Judgment is denied as to Claim One against Douglas in her individual capacity, and as to Claims Two and Eight against Douglas.  It is

FURTHER ORDERED that as all claims against Defendants Greg Wilkerson, Captain Frank, and Tiffany Davis have been dismissed, they shall hereafter be taken off the caption.

Dated:  March 31, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge